WILLIAM G. DOWNING, Defendant in Error, *v.* DAVID SHACK-
LETT *et al.*, Plaintiffs in Error.

1. *Practice, civil — Exceptions signed by bystanders.* — Under the statute
(Wagn. Stat. 1044), if the judge refuses to sign a bill of exceptions, and
permits one to be signed by the bystanders to be filed, the record should
show it, and in that case it becomes a part of the record.  If he refuses per-
mission, the reason should be stated, and the bill does not become part of
the record, but the original paper is sent up with copies of the affidavits filed
in its support.

### Error to Scotland Circuit Court.

*E. H. Wheeler*, for plaintiffs in error.

*Dryden & Dryden*, and *J. G. Blair*, for defendant in error.

BLISS, Judge, delivered the opinion of the court.

In this case an abortive attempt was made to make a bill of
exceptions by the affidavits of bystanders.   Besides other irreg-
ularities, it does not seem to have been made until one year (two
terms) after final judgment, and no reason is offered for the
delay.   The statute requires that it be made and signed at the
term, but by consent of parties it may be postponed.   In this
case it was postponed by consent until vacation, but that can
give no warrant for making it up at a later date.   The bill is
signed by bystanders, and is made part of the record, and a certi-
fied copy sent up, yet it does not appear that the judge permitted
it to be filed, or made any certificate in regard to it.   The statute
is plain.   If the judge refuses to sign the bill, and permits one
signed by bystanders to be filed, the record should show it, and
in that case it becomes part of the record.   If he refuses per-
mission, the reason should be stated, and the bill does not become
part of the record, but the original paper is sent up, supported
by copies of the affidavits filed in its support.   (Gen. Stat.
1865, ch. 169, §§ 29–33 ; Wagn. Stat. 1044 ; Bowen v. Laza-
lere, 44 Mo. 383.)   The record proper is defectively given, being
mixed up with the bill of exceptions, but by searching the mass
of copies for entries its deficient parts can be put together, and I
find no error in it.

Judgment affirmed.   The other judges concur.