Helmrichs v. Gehrke.

————o————

GEORGE J. HELMRICHS Appellant, *vs.* GEORGE GEHRKE, Respondent.

1. *Evidence—Writing—Verbal stipulation cannot contradict.*—The doctrine is well established that no antecedent or contemporaneous verbal stipulations are admissible to contradict or vary the terms of a written instrument.

*Appeal from St. Louis Circuit Court.*

*Henry N. Hart,* for Appellant.

*F. & L. Gottschalk,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action to recover from the defendant the amount plaintiff had been compelled to pay as an indorser of a negotiable promissory note. The petition alleges that the firm of F. W. Plass & Co., was indebted to the defendant in about $6,000, and also to various other creditors ; that this firm proposed to compromise with their creditors at forty cents on the dollar, and applied to the defendant to join in the compromise, but he would only agree to compromise his debt and release them for $4,500.50, to be paid in three negotiable notes, at six, twelve and eighteen months with good indorsers ; and Plass & Co., agreed to this and furnished the notes, one of which was indorsed by the plaintiff ; that it was agreed on all hands that these notes were not to be used, but to be returned and cancelled, if the firm failed to make a compromise with all of their other creditors on the terms proposed by them ; that they did fail to make the compromise and afterwards demanded the said notes from defendant ; that defendant refused to deliver up the notes, but converted this

note to his own use by negotiating it to an innocent holder, and the defendant was compelled to pay the same, as Plass & Co., went into bankruptcy.

The defendant denied all the allegations of the petition.

On the trial, each party gave evidence conducing to prove his theory of the cause. The defendant on his part produced a written agreement under which he had taken the notes for his claim. The only terms of this agreement, as expressed by the writing, were that the defendant was to sign a paper to be exhibited to the other creditors, to the effect that he would compromise and release Plass & Co., for forty per centum of his debt. The plaintiff offered evidence to prove that at the time this written agreement was made, it was also agreed by parol that the indorsed notes were to be returned and cancelled as alleged in the petition, provided the other creditors refused to compromise, and that they did refuse to compromise. The defendant objected to this evidence and it was rejected by the court, and the plaintiff excepted.

The court gave instructions which fairly presented the theory of each party to the jury as claimed by them in the pleadings. The court also instructed in regard to the written agreement—that if the jury found that there was such an agreement, it could not be varied or contradicted by the parol evidence. The plaintiff excepted to all of these instructions, and asked instructions on his part which were refused; but they are not set out or saved by the bill of exceptions. The jury found for the defendant, and plaintiff filed a motion for a new trial, which was overruled. Judgment was rendered against him at special term and he appealed to the general term which affirmed the special term, and he has brought the case here by appeal.

There seems to be nothing in this record to allow us to disturb this judgment.

There is no foundation in the pleadings on which to raise the question as to whether the note in dispute was obtained by fraudulent misrepresentations; nor does the evidence justify that conclusion. The only question presented by the

pleadings and evidence was whether the note was absolutely delivered, or only placed in defendant's hands to be returned and cancelled in case no compromise was made with all the other creditors of Plass & Co. The written agreement produced by the defendant placed this point beyond dispute.

The doctrine is well established that no antecedent or contemporaneous verbal stipulations are admissible to contradict or vary the terms of a written agreement.

Let the judgment be affirmed. The other judges concur.