## Case No. 2,077.

### BUCHTEL v. MASON LUMBER CO.

[1 Flip. 640;[1] 23 Int. Rev. Rec. 120; 2 Cin. Law Bul. 71; 9 Chi. Leg. News, 225.]

Circuit Court, W. D. Michigan. 1877.[2]

CONTRACT OF SALE, WRITTEN—EVIDENCE TO VARY—PAROL WARRANTY, GUARANTY — LICENSE TO REMOVE AS CONSIDERATION THEREFOR — DEFENSES.

1. Where a parol warranty is made at the time of a written contract of sale, in the absence of fraud or mistake, such a fact cannot be shown, if it varies, contradicts or adds to the written contract.

2. Where there was a contract in writing to sell pine lands but a prohibition of removal of the timber, and a third party guaranteed the payments stipulated in the contract, and upon so doing permission was given to enter upon, cut and remove the timber: *Held*, that the license to remove the timber was the consideration for the guaranty, and to permit a parol warranty of the amount of timber to be shown as the consideration would be improper.

3. A breach of warranty is not a good defense in such case if its purpose be to set up a partial failure of consideration, unless the defendant can maintain a cross action for the same.

[See note at end of case.]

[At law. Action by William Buchtel against the Mason Lumber Company upon an instrument of guaranty. There was a verdict for plaintiff, and defendant moves for a new trial. Motion denied.]

Taggart, Simonds & Fletcher and D. D. Hughes, for plaintiff.

Smith, Nims & Irwin, Eggleston & Kleinhaus, and E. A. Storrs, for defendant.

WITHEY, District Judge. The questions presented by the motion for a new trial in this case are purely legal ones. Evidence offered by defendant was not admitted, and as it constituted the sole ground of defense, a verdict was rendered for the plaintiff. Error in excluding the offered evidence is the sole ground of the motion.

That the verdict operates as a hardship

upon defendant is apparent, and in such cases a court naturally seeks for some lawful way to afford relief. The evidence rejected at the trial, was defendant's offer to prove a parol contract of warranty by plaintiff, made contemporaneous with the written contract of guaranty made by defendant to plaintiff. The facts developed at the trial and the manner in which the question arose will appear from a statement of the case. September 23, 1874, plaintiff contracted in writing to sell to the Big Rapids Improvement and Manufacturing Co., a corporation doing business at Big Rapids, Michigan, of which Stephen Bronson was vice president and agent, eight descriptions of land, comprising six hundred eighty-one and 85-100 acres, and to give conveyance after full payment of the purchase price. The Big Rapids Improvement and Manufacturing Company agreed to pay therefor $12,273.84 as follows: $3,068.46, January 1, 1875, with interest, and the balance in three equal annual installments, the first thereof on the 23d day of September, 1875, with interest, etc. The contract contained this stipulation, viz.: "No timber is to be cut or removed from said land without the written permission of first party endorsed on this contract;" Buchtel, the plaintiff, being the party of the first part. It may be assumed that the object of the purchase was mainly the timber supposed to be on the land; this we think is apparent from the terms of the guaranty subsequently given by defendant, and which formed the subject of this suit.

On the 25th of September, two days after the date of the contract, Bronson and Buchtel were at Muskegon, Michigan, and the following instrument of guaranty was executed, by which the Big Rapids Improvement and Manufacturing Company assigned said land contract to the Mason Lumber Company, defendant in this suit, and the latter company, which is a corporation doing business at Muskegon, of which Lyman G. Mason is president and agent, guaranteed payment to Buchtel of the purchase price of the land, Buchtel joining in the instrument for the purpose of giving permission to enter upon the lands, and cut and remove timber therefrom.

The instrument is as follows: "Muskegon, Mich., Sept. 25, 1874. In consideration of the sum of one dollar, the receipt of which is hereby acknowledged, by the Big Rapids Imp. and Manuf'g Co., and for other valuable considerations, the Big Rapids Imp. and Manuf'g Co. hereby assigns the contract hereto attached, of date Sept. 25, 1874, between William Buchtel, of Akron, Ohio, and said Big Rapids Imp. and Manuf'g Co. The said Buchtel hereby assenting to this assignment with the understanding that said Mason Lumber Co. hereby guarantees the payments as stipulated in said contract, upon which guaranty permission is hereby given to enter upon, cut and remove the timber

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

[2] [Affirmed by supreme court of United States in Mason Lumber Co. v. Buchtel, 101 U. S. 638.]

upon the lands embraced in said contract hereto attached. It being understood and agreed that as fast as the timber is cut and removed from said land or any part thereof, the purchase price shall be due and payable, that is to say, for all said land which may be cut before the 23d day of Sept., 1875, the full purchase price shall be paid on that date." Signed: "Big Rapids Imp. and M'f'g Co., by S. Bronson, Vice President. William Buchtel. Mason Lumber Co., by Thos. Munroe, Sec'y."

The suit was upon this guaranty. Plaintiff to prove his case, read in evidence, the land contract of Sept. 23, 1874, between himself and the Big Rapids Imp. and Mf'g Co.; the assignment thereof, which, though the Mason Lumber Co. is not named as the assignee therein, was treated as the assignee; the guaranty of defendant and plaintiff's permission therein contained that the timber on the lands described in the contract might be cut and removed; also, a stipulation filed in the cause admitting that the timber on the contract-lands was all cut and removed in 1874 and 1875, prior to the commencement of this suit and prior to Sept. 23, 1875; and lastly a judgment with the records and files in a suit in this court brought by plaintiff against defendant upon said guaranty, to recover the first installment of the purchase price of said lands, stipulated in said land contract of Sept. 23, 1874, of $3,068.46, and interest due January 1, 1875, and in which suit plaintiff recovered judgment.[2]

In that suit, defendant, under the plea of the general issue, gave notice and offered proof as appears by the records and files in the case, of "false and fraudulent representations, undertakings and promises" by plaintiff in procuring the guaranty—and the referee who tried the case found there were no fraudulent representations, hence such judgment was offered and received as res judicata on the question of alleged fraud on the part of plaintiff in connection with the instrument of guaranty.

Plaintiff claimed the judgment was also res judicata upon the question of warranty interposed in this suit by way of defense, but we held that the referee did not decide that question, and therefore limited the effect of the former suit to the question of fraud.

In the present suit defendant, by way of notice, has pleaded as a defense to the action, that plaintiff, knowing the inducement for defendant's executing the guaranty, was to obtain the amount of timber which was represented to be on said lands, viz.: 5,700,-000 feet, and to induce defendant to make said guaranty, warranted that said representations were true, and that said lands would yield 5,700,000 feet of merchantable pine, whereas they only yield 1,100,000 feet; by reason of which representations and war-

ranty by plaintiff, defendant was induced to, and did execute said guaranty, which representations were untrue, etc., by reason whereof defendant has sustained damages, which he will recoup in this action, etc.

Under this notice defendant then offered to prove, by Stephen Bronson, that at the time of the execution of said contract of guaranty—plaintiff, by parol, warranted to defendant that there were 5,700,000 feet of pine timber on said lands. For the purpose of proving such warranty, defendant offered to show by the witness, that the written assignment by the Big Rapids Improvement and Manufacturing Company of said land-contract to defendant, was intended only as security—that, the leading inducement for defendant's guaranty was the quantity of timber represented as being on said lands; and further offered in evidence a plat of said lands, upon the particular descriptions of which were figures indicating the quantity of timber thereon, aggregating 5,700,000 feet, and offered to prove that said plat was present at the time of the negotiations, was used to show the quantity of timber on the lands—that said plat belonged to plaintiff and constituted his representations. But it was conceded that the plat had not been in plaintiff's possession for a year or more, and that Bronson produced it on the occasion of said negotiations, and that the figures on the plat had been changed since it left plaintiff's possession. Defendant also offered to prove the actual quantity of timber upon said lands at the date of the contract of guaranty.

We held the evidence not admissible, upon the well settled rule that parol contemporaneous evidence cannot be allowed to contradict, add to, or vary the terms of a valid written instrument, and that the evidence offered would, if admitted, both contradict and vary the written contract of guaranty.

Because of such ruling this motion has been made for a new trial, and it is urged: First, that as a contract of warranty need not be in writing, parol evidence of such contract is admissible, and especially if the warranty constitutes or is a part of the consideration for the written contemporaneous contract: second, that it is competent for the purpose of showing the consideration upon which the contract of guaranty was made, and that there has been a failure of consideration.

The authorities upon both sides have been very fully presented by learned counsel, and examined and considered. Were they not so numerous, we should take pleasure in giving an analysis of and our views upon them. We have not the time now, inasmuch as an early decision is desired, before the time shall expire for filing a supersedeas bond on a writ of error to the supreme court, should either party desire a review.

We understand the law to be well settled that where, from the nature of the instru-

ment and what it contains, the whole contract must be presumed to have been reduced to writing, parol proof cannot be given of what was said, or of any oral agreement made previously or at the same time, which would have the effect to contradict, add to, or vary, the written contract, the presumption being in such cases that the writing contains the entire agreement of the parties as finally concluded between them, and they are estopped from denying it. This rule does not, however, prevent the parties from showing fraud in securing the contract. 1 Greenl. Ev. § 275; Van Ostrand v. Reed, 1 Wend. 424, 431; Mumford v. McPherson, 1 Johns. 414; India Rubber Co. v. Adams, 23 Pick. 257; Smith v. Dallas, 35 Ind. 255–260; Robinson v. McNeil, 51 Ill. 225; Helmerichs v. Ghreke, 56 Mo. 79; Randall v. Rhodes [Case No. 11,556]; Dean v. Mason, 4 Conn. 428; Martin v. Hamlin, 18 Mich. 354; Vanderkarr v. Thompson, 19 Mich. 82.

In Oelricks v. Ford, 23 How. [64 U. S.] 49, which presented the question, whether it was admissible to show by parol evidence, an understanding of the parties that the contract was made subject to a certain usage, the supreme court of the United States at page 64, say: "Any conversations and verbal understandings between the parties at the time were merged in the contract, and parol evidence is inadmissible to engraft them upon it."

The matter sought to be shown by defendant, in the case at bar, was parol warranty. It is argued that warranty may be shown by parol because it is not a contract required to be in writing. This general rule is not disputed. Again, it is contended that the parol warranty may be proved for the purpose of showing failure of consideration.

Cases are cited in support of this proposition, but mainly they come within the category of cases where the instrument was executed, not as the contract of the parties, but in execution of some of the terms of a contract—as a deed, mortgage, note, or the like —and which do not purport to state the agreements and understanding of the parties. In contracts of sale between vendor and vendee, warranty may be shown, either to limit the amount of recovery, or to defeat the action altogether, depending upon whether warranty and breach show total or partial failure of consideration. But, nevertheless, a parol warranty cannot be shown for any purpose, in the absence of fraud or mistake, if the effect will be to contradict, add to, or vary the terms of a written contract between the parties made at or previous to the time of entering into it—certainly not unless the warranty and breach amount to a total failure of consideration. The courts of Pennsylvania have, however, permitted parol evidence to show the entire agreements of the parties, when the writing does not contain them, in a class of

cases, and perhaps it is difficult to say where they draw the line.

Such was the rule held in Powelton Coal Co. v. McShain, 75 Pa. St. 245, which was a suit for carrying goods. Defendant set up, by way of defense, that the freighting was done under a written contract, and introduced and proved the contract. Plaintiff then showed that the original contract was an oral one, and that subsequently plaintiff's agent reduced it to writing, and it was signed by the parties. But defendant proved that a material stipulation as to the time when the coal was to be delivered to be carried, was omitted, and instead was inserted words which permitted the company to deliver the coal at such times as it might desire. That defendant when signing the contract discovered the change and called attention to it, when plaintiff's agent replied, "that is understood," and said the company intended to furnish the coal within the time. The court held that evidence to show what the oral agreement was, was admissible, on the ground that to take advantage of the omission in the contract, as reduced to writing, was a fraud on the defendant. If it was a fraud on defendant, then the case is within the rule which is always applied to defeat fraud in contracts.

The case of Weaver v. Wood, 9 Pa. St. 220, is cited by defendant. Weaver held a lease of Wood's premises and gave a written surrender of the lease for the expressed consideration of one dollar, and a release from payment of rent. At the same time Wood agreed by parol, that he would build another hotel on the same premises to replace one burnt, and give Weaver another lease of the premises at a fair rental. Wood built and leased to a stranger. Weaver sued on the parol agreement for a lease. The court held, that "the executed contract and the executory one are distinct and without connection, further than that the former is the consideration of the latter," and that Wood could not insist that his promise was controlled by the consideration of the surrender.

Whatever may be said of the reasoning of the case and its conclusions, we do not think it should be allowed as authority for permitting a written contract which purports to give the agreements of parties, to be contradicted, or varied by a parol contemporaneous contract.

Defendant also cited, Basshor v. Forbes, 36 Md. 154. A corporation purchased by one of its officers and stockholders, a steam engine of plaintiffs, it being agreed that plaintiffs would alone look to the corporation for payment, but subsequently sought to hold the stockholders individually liable, as they had not paid in full their subscribed stock. The court held plaintiffs bound by their agreement to look to the corporation alone, and that they could not recover from the stockholders. The ground of the decision was,

that the oral agreement was as to collateral matters about which the written contract was silent. The oral agreement did not tend to contradict, add to, or vary the written contract for the sale of the property, for there was no contract-liability of the individual stockholders. They were liable, if at all, upon general principles which hold owners of unpaid stock for the obligations of the corporation to the extent of such unpaid stock.

The court say, "it is well settled by the most unquestionable authorities, that proof is admissible of any collateral parol agreement, or independent fact, which does not interfere with the terms of the written contract, though it may relate to the same subject matter." The case in nowise supports defendant's case, and is not in conflict with the rule we have stated.

The case of Lockwood v. Canfield, 20 Cal. 126, cited by defendant, is not in conflict with that rule. The court held that the testimony did not tend to contradict or vary the terms of the written instrument of assignment. · They say, "the principle upon which the evidence was admitted, rests upon an exception as well 'established as the rule itself." And further, that, "the principle involved is the same as that which permits the introduction of similar evidence, to prove that a deed, absolute on its face, was intended as a mortgage." We shall not attempt to go further by way of comment on the cases cited by defendant.

It may be conceded that the general rule is, that a defendant may show any matter which reduces, limits or defeats a recovery by way of failure of consideration, total or partial, or that the contract has not been fully performed, or a breach of some stipulation of the contract or warranty, and breach and misrepresentation and fraud at the inception of the contract. But, nevertheless, where there is a written contract which purports to give the agreements of the parties, the rule is equally well settled that that is not only the best, but the only evidence of the agreement of the parties. This rule is one "which is intended to give stability to the transactions of life by enabling men to put their acts and agreements in a form that shall be beyond the reach of the uncertainty incident to oral testimony, and would be of comparatively little value if witnesses could be called to prove that stipulations which have been omitted, were, notwithstanding, meant to be as binding as if they had been set forth in terms." 2 Smith, Lead. Cas. 780, 729.

What right, then, has defendant to say that the contract of guaranty shall not be enforced according to its terms?

The only reason given is, that there was a contemporaneous oral agreement on the part of plaintiff which has not been kept. In other words, that he warranted there were 5,700,000 feet of timber on the contract lands, whereas there were but about 1,000,000 feet, and that this amounts to a failure of consideration.

There was not a total failure of consideration, even under the claim of defendant, as to what constitutes the consideration; because it is admitted by the pleadings that there were over a million feet of timber, and that all the timber has been cut and removed under the license given by plaintiff. There was, then, adequate consideration. There is no question of fraud in the case, and if the consideration for the guaranty was the timber which defendant expected to realize from the land, then at best the claim can be regarded as only a partial failure of consideration. But in our view, the question is not one of partial failure of consideration. The consideration stated in the written contract for the guaranty, is the license given by plaintiff to cut and remove the timber. On the contract thus made and its stipulations, plaintiff had a right to rely. To permit parol evidence of warranty as to the quantity of timber to be shown, and that such warranty constituted the consideration for the guaranty, would be to contradict and vary the terms written and signed by the parties.

Defendant purchased the land contract from the Big Rapids Improvement and Manufacturing Company. All that the Mason Lumber Company bargained for with plaintiff, was the license to cut and remove the timber from the lands. For this license, according to the contract of guaranty, defendant promised to pay plaintiff the purchase price of the lands stipulated in the land contract. Plaintiff held as security for that purchase price, the provision in the land contract against cutting and removing timber. This security he surrendered for defendant's guaranty.

All this is apparent from the face of the two written contracts. We hold, therefore, that nothing can be shown which contradicts the stipulated agreements of the parties, whether it touches the consideration or otherwise, so long, at least, as the proposed evidence does not tend to show total failure. The license given by plaintiff in any event must be conceded to enter into the consideration for the guaranty, hence, again it is obvious there can be no claim of total failure of consideration. Whether parol warranty could be shown for the purpose of establishing partial failure of consideration under a proper notice of that defense, depends upon whether defendant can maintain a cross-action for his damages, on account of the alleged breach on the part of plaintiff. Mumford v. McPherson, 1 Wend. [1 Johns.] 414; Withers v. Green, 9 How. [50 U. S.] 213. If defendant could maintain such cross-action, then he is entitled to set up the warranty and breach and recover his damages in this suit. But upon the principle which we have stated, that to do so

would contradict the written contract, we hold a cross-action could not be maintained. The motion is therefore denied.

[NOTE. On writ of error by defendant, the supreme court affirmed the judgment below, and held that the judgment in the former case was conclusive as to the defense of inducement to make the contract of guaranty by the fraudulent misrepresentations of the plaintiff as to the quantity of merchantable timber on the land, and also to the defense that such false and fraudulent representations amounted to a warranty, for the breach of which the plaintiff in error was entitled to recoup the damages sustained. The supreme court further held that the finding of the referee that none of the alleged misrepresentations were made by plaintiff, having the effect of the verdict of a jury, and having been incorporated in the judgment record, was conclusive in all subsequent controversies between the parties as to the facts so found. Mason Lumber Co. v. Buchtel, 101 U. S. 638.

[Defendant had brought error from the judgment rendered for the first installment, which judgment was likewise affirmed by the supreme court, on the ground that the alleged misrepresentations were not made by plaintiff, who held the contract, nor did they relate to the permission to cut and remove the timber; that neither as to the nature nor value of his reserved right to withhold such permission were any misrepresentations made by him, nor was there any misapprehension of the nature and extent of the guaranty assumed; and that whatever related to other matters which took place between the two companies was unknown to him. On this appeal the plaintiff in error insisted that the report of the referee, to whom the issues were referred by consent, and upon which the judgment was entered, was fatally defective, because finding certain facts inferentially and not directly. The supreme court, while agreeing with the contention as to the defectiveness of the report, held that the defects indicated should have been brought to the attention of the court below, which could have required more definite findings by the referee, and that the defects could not be considered for the first time in the appellate court. Mason Lumber Co. v. Buchtel, 101 U. S. 633.]