## HERRYFORD v. TURNER, *Appellant.*

1. **Vendor and Vendee of Real Estate**; LIABILITY TO REMOVE IN‑CUMBRANCES: CONTRACT EXECUTORY AND EXECUTED. Although by the rule well settled both in this country and in England, while a contract for the sale of real estate is still executory, by operation of law and without any agreement of the parties, the purchaser has a right to demand a title clear of defects and incumbrances; yet if, instead of taking a deed direct from his vendor, he accepts one from a party who has contracted to convey to his vendor, he thereby waives his right to recourse against the latter for money which he is compelled to pay in removing incumbrances from the land.

2. **Case Adjudged.** After a sale under a deed of trust, but before the execution of the deed by the trustee, the defendant, who was the purchaser at the sale, agreed to sell the land to the plaintiff. At the request of the defendant, and with plaintiff's consent, the trustee executed the deed directly to the plaintiff. At the time of the sale and the execution of the deed, the land was encumbered for taxes, and defendant had knowledge of the fact. Plaintiff was compelled to pay off this encumbrance and brought suit to recover the amount paid; *Held* that, having paid for the land and having accepted a deed therefor from the trustee, the plaintiff thereby waived a deed from the defendant with such covenants of warranty as he had a right to demand, and there being no express undertaking on the part of defendant to pay the taxes, he could not recover.

*Appeal from Howard Circuit Court.*—HON. G. H. BURCK‑HARTT, Judge.

*Sam'l C. Major, Jr.,* and *Russell B. Caples* for appellant

In every contract for the sale of lands there is an implied warranty, yet such implied warranty exists only as long as the contract remains executory; upon the execution of the contract by deed, the law throws upon the purchaser the responsibility of caring for his own protection by suitable express covenants. *Burwell v. Jackson,* 5 Selden (N. Y.) 536; Rawle Cov. of Title, pp. 458, 465; *Fox v. Mackreth,* 2 Bro. Ch. 420; *Turner v. Harvey,* 1 Jac. Ch. 178; Pothier *de ventes,* n. 334, 295; *Platt v. Gilchrist,* 3 Sandf. S. C. (N. Y.) 118.

*Herndon & Herndon* for respondent.

From the facts stated in the petition the law will imply a promise and an obligation on the part of defendant to convey the land to plaintiff relieved from encumbrances, to do what was and must have been the intention of the parties should be done. *Lewis v. Atlas Mut. Life Ins. Co.,* 61 Mo. 538.

HOUGH, J.—It was alleged in the petition in this case, that, at a trustee's sale made on the 5th day of December, 1872, by Thomas E. Burch, as trustee, the defendant, Turner, purchased certain real estate for the sum of $8,746.27 ; that, afterwards, on the 14th day of December, 1872, said Turner sold said real estate to plaintiff for $7,000 in cash, and certain real estate in Glasgow, Mo., estimated to be worth $2,000, which was conveyed to the defendant ; that, at the time of the sale of said land by the defendant to the plaintiff, no deed had been executed by the trustee, Burch, to the defendant, and, at the special instance and request of the defendant, the plaintiff consenting thereto, said trustee made a conveyance directly to the plaintiff ; that at the time of the purchase by the defendant, at the trustee's sale, and when he sold to the plaintiff, the land so conveyed by the trustee was incumbered for taxes to the amount of $456.81, which the defendant knew ; that the defendant was legally bound to pay off and discharge said incumbrances, which were upon the land at the date of his sale thereof to the plaintiff, but that he failed and refused to do so, and thereupon the plaintiff paid the same, and instituted the present action to recover from the defendant the amount so paid. The plaintiff had judgment in the court below, and the defendant has appealed. The averments of the petition sufficiently set forth the plaintiff's case, as developed at the trial, and omitting all reference to the questions raised by the motion for a new trial, we will proceed to determine the sufficiency of the peti-

tion, the defendant having moved to arrest the judgment for the reason that it did not state facts sufficient to consti-- tute a cause of action.

Is the defendant legally liable to the plaintiff, on the facts stated, for the amount of the taxes paid by him? It seems to be generally maintained by the authorities that upon an agreement for the sale of lands, in the absence of special stipulations to the contrary, the vendor is to be considered as contracting for a general warranty. *Rucker v. Lowther*, 6 Leigh 259; *Steele v. Mitchell*, Kentucky Deci- sions 47; *Hedges v. Kerr*, 4 B. Monroe 528; *Andrews v. Word*, 17 B. Mon. 520; *Dwight v. Cutler*, 3 Mich. 579. Mr. Rawle, in his work on covenants, remarks that it is well settled, both in this country and in England, that, while a contract for the sale of real estate is still executory by operation of law, and, without any agreement of the parties to that effect, the purchaser has a right to demand a title clear of defects and incumbrances. Rawle on Cov. 562; *vide* also *Souter v. Drake*, 5 Barn. & Adolph. 999; *Doe v. Stanion*, 1 Mees. & Welsb. 701; *Burwell v. Jackson*, 5 Selden 536; *Shreck v. Pierce*, 3 Clarke (Iowa) 360. Hence it is that a court of equity will not decree the specific performance of a contract when the title is bad or even doubtful. If an incumbrance exists which it was not agreed should enter into and form part of the consideration of the sale, the vendor must discharge it before he can call for a comple- tion of the sale. Rawle on Cov. 563.

In the case before us, the contract of sale has been executed. Had the defendant, after receiving the consid- eration for the land, himself executed to the plaintiff a conveyance containing no covenants protecting him against the incumbrances in question, surely the present action could not be maintained. Having paid the purchase money and accepted a deed from the trustee, thereby waiv- ing a deed from defendant with such covenants as he had a right to demand, the plaintiff cannot recover in the present action, in the absence of an express undertaking

on the part of the defendant to pay the taxes. No such undertaking was alleged, nor could it have been proven under the present petition. The motion in arrest should therefore have been sustained. The judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion. All concur.

REVERSED.