HAGAR, *Plaintiff in Error*, v. HAGAR.

1.  **Contract, Written, Verbal.**  In the absence of fraud a written contract supersedes a prior verbal agreement concerning the same matter.
2.  **Executory Promise by Parent to Child for Conveyance:** SPECIFIC PERFORMANCE.  While a mere promise made by a parent to a child to give him an estate, supported by no other considera-tion than love, will not be enforced if the parent dies without hav-ing conveyed, a promise in writing declared in the instrument to be founded upon a valuable consideration and conditioned that the child shall enter and improve the land, followed by actual entry and improvement, will be binding; and specific performance will be enforced..

*Error to Perry Circuit Court.*—HON. JOHN B. ROBINSON, Judge.

REVERSED.

*J. C. Killian* for plaintiff in error.

*Johnson, Horner & Hilmes* for defendant in error.

NORTON, J.—This is a proceeding instituted under sec-tion 38 of Wagner's Statutes, page 99, in the probate court of Perry county, for the specific execution of the following contract:   Know all men by these presents that I, John F. Hagar, of the county of Perry and State of Missouri, am held and firmly bound to James R. Hagar, in the sum of $150, to be paid to the said James R. Hagar, his execu-tors, &c., to the payment of which I bind myself, heirs, executors, &c., by these presents, sealed with my seal, and dated this 3rd day of February, 1874.   The condition of this obligation is that, if the said John F. Hagar, upon

payment of $150, and interest thereon, as agreed and promised by said James R. Hagar, agreeably to his note dated February 3rd, 1874, and made payable as follows, to wit:

$150. PERRYVILLE, Mo., Feb. 3, 1874.

One day after date, I promise to pay John F. Hagar the sum of $150 for value received, with interest at the rate of eight per cent. (Signed) James R. Hagar—shall convey to said James R. Hagar, his executors or assigns, forever, the following described real estate in the county of Perry, State of Missouri, viz.: Forty acres off the north end of 81 84-100, part of west half of northwest fractional quarter of section 31; also the north half of southeast quarter of northwest quarter of section 31, all being in township 35, range 11, containing sixty acres,     *     * by a good and sufficient deed,     *     *     and in the meantime shall permit said James R. Hagar to occupy and improve said premises for his own use, then this obligation shall be void; otherwise, it shall remain in full force.

(Signed) JOHN F. HAGAR. [Seal.]

This bond was duly acknowledged before the probate judge of Perry county.

It is alleged in the petition that said John F. Hagar died without having executed a conveyance to plaintiff for said land, and without giving power, by will or otherwise, to any other person to execute the same; that the defendant is the executrix of the estate of said John F. Hagar, and that plaintiff offers to pay into court the amount due on said contract, and asks that the contract be specifically executed and the executrix be required to execute a deed to him for said land.

In the probate court, plaintiff had judgment according to the prayer of his petition, from which defendant appealed to the circuit court, where, upon a trial, a judgment was entered directing the specific performance as to twenty acres only of the sixty acres mentioned in said bond. From this judgment plaintiff has appealed, and alleges as

a ground of error that the trial court erred in decreeing that specific performance should be of only a part, and not the whole, of the land agreed to be conveyed.

Plaintiff being introduced as a witness, testified that the deceased, John F. Hagar, was his father; that he had deposited money in court sufficient to pay his note and interest; that he was put in possession of the land by his father when the bond was made, and has been in possession of it ever since; that he made improvements thereon by building houses and fences, clearing land and planting orchards. On his cross-examination, he said that some time before making the bond his father told him that, if he would go on the forty acre tract described in the bond and improve it, he would give it to him, and that he went on and improved it; that afterward he wanted to buy the additional twenty acres, and his father agreed to let him have it for $150, to which he assented; that the consideration mentioned in the bond was for the twenty acres; that he gave his note for the amount, and his father gave him the bond for a deed to the land he had said he would give him, and the twenty acres also; that the whole of the land, including that given, as well as that bought, was put in the bond.

So much of the evidence of this witness as relates to conversations occurring between plaintiff and decedent
1. CONTRACT, WRIT- concerning the forty acre tract antecedent to
TEN, VERBAL.    the written contract is entitled to but little, if any, consideration, inasmuch as all such antecedent agreements were merged in said contract. It is this writing which fixes the rights of plaintiff and determines the obligation of decedent, and, according to its terms, plaintiff was entitled, on payment of $150 and interest, as provided in the note, to a conveyance of the land in the bond described, and upon such payment being made, decedent was obligated to convey. *Gooch v. Conner*, 8 Mo. 391; *Helmrichs v. Gehrke*, 56 Mo. 79.

So much of the evidence as showed that defendant

went into possession under the contract and made improve- **2. EXECUTORY PROMISE BY PARENT TO CHILD FOR CONVEYANCE.** ments by building houses and fences, clearing land and planting orchards, which it was expressly agreed in the writing that he might do, was properly received for the purpose of showing that a refusal on the part of the court to decree specific performance of the contract would be inequitable and operate as a fraud upon him, by leaving the estate of decedent the owner of improvements which had been made on the faith of the contract, and for which plaintiff could not be adequately compensated in an action at law. While a mere promise made by a parent to a child to give him an estate, supported by no other consideration than natural love, will not be enforced, if he dies without having executed, a promise in writing to convey land upon a valuable consideration expressed therein, and on the condition that the child shall enter and improve it, if he does enter and improve it, stands on a different footing. There being no evidence to establish that the bond sued upon was procured either by deceit, fraud or undue influence, we think under the evidence that the court erred in rendering a decree for part only, and not the whole, of the land described. The evidence would have authorized a decree directing the executor to convey to plaintiff the entire sixty acres agreed to be conveyed. The judgment will be reversed and cause remanded, with directions for the circuit court to enter a decree in conformity with this opinion. All concur.