STRAUSS et al., Respondents, v. THE AMERICAN CHEWING GUM COMPANY, Appellant.

St. Louis Court of Appeals, December 1, 1908.

SALES: Warranty: Peremptory instruction. In an action on an account for merchandise, where the defendants set up a breach of warranty under which the goods were sold, and where there was no substantial evidence to show that the merchandise was sold on a warranty, the trial court properly directed a peremptory instruction for plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*R. P.* and *C. B. Williams* for appellant.

*Claud D. Hall* for respondents.

The defendant's evidence as to the razors being warranted by plaintiff was insufficient as a matter of law for the following reasons: 1. The alleged warranty made at the time of the alleged change of price from $4.10 to $4 per set was not established, because the warranty depends on a change in the contract which change could only have been made for a new consideration or by mutual consent. Thayer on Contracts, sec. 179. 2. The alleged warranty was oral and within the Statute of Frauds. R. S. 1899, sec. 3418; Galway v. Shields, 1 Mo. App. 546. 3. There was no consideration for the alleged warranty made after the contract of sale. Brown's Elements of Sales, p. 133; 30 Am. and Eng. Enc., p. 133; Morehouse v. Comstock, 42 Wis. 626; Glenn v. Hill (Mo.), 109 S. W. 27; McGaughey v. Richardson, 148 Mass. 608. 4. The alleged warranty was not sufficiently explicit and was not shown to have been intended and understood as a warranty. 30 Am. and Eng. Ency., p. 129; Carter v. Black, 46 Mo. 384. 5. It was not shown that the alleged warranty was one of the inducements of the sale. Benjamin on Sales (6 Ed.), p. 625; Brown's Elements of Sales, pp. 134, 135.

BLAND, P. J.—The action is to recover on the following account:

"American Chewing Gum Company, St. Louis, Mo.

"Bought of Adolph Strauss & Co., Importers and Commission Merchants. Sole agents for Messner Harmonicas and Wm. Elliott & Company Cutlery, 412 Broadway. 30 days extra.

Nov. 3, 1906.

| 2523 | 200 Doz. Knives | .75 | 150 |
|---|---|---|---|
| 702 | 17 Doz. Razors | 3. | 51 |
| 720 | 34 Doz. do. | 3. | 102 |
| 722 | 34 Doz. do. | 3. | 102 |
| 723 | 34 Doz. do. | 3. | 102 |
| 725 | 34 Doz. do. | 3. | 102 |
| 726 | 34 Doz. do. | 3. | 102 |
| 543 | 17 Doz. do. | 3. | 51 |
| | | | 762 |

Nov. 13, 1906.

7163   7½ Gro. Glass Charm Com-
passes ................... ............. 7.50      56.20
Special 227 Sets Razors .......... 4.10      930.70

Nov. 19, 1906.

Special 150 Sets Razors .......... 4.10      615.

Dec. 5, 1906.

Asst. 240 Doz. Razors ............ 3.      612.

$2975.95
By cash on account ..........      1800.

1175.95
Interest to May 1, 1907 ........      23.75."

$1208.75."

The answer was a general denial and the following affirmative defense and counterclaim:

"Defendant says that after the order for the goods and merchandise mentioned in plaintiffs' petition had been given, and before shipment or delivery of said goods, the defendant countermanded the said order and plaintiffs accepted said countermand, and duly acquiesced in same. And that said parties thereafter made a new contract, by the terms of which the plaintiffs agreed to sell and deliver the razors mentioned

in plaintiffs' petition at and for a price of four dollars ($4) per set, a set consisting of sixteen (16) razors. Defendant further says that plaintiffs at said time and as a part of said contract of sale, warranted the said razors to be as good in quality as the 'Kastor' razor, which said razor was well worth the sum of four dollars and ten cents ($4.10) per set of sixteen razors; and defendant says that said razors were not as good in quality as the 'Kastor' razor, but upon the contrary said razors were worthless and of no value. And defendant further says that at said time the plaintiffs represented and warranted the other goods and merchandise mentioned in plaintiffs' petition to be sound in quality and merchantable. And defendant says that said other goods were not merchantable, but on the contrary were unsound and worthless.

"Wherefore, defendant demands judgment against plaintiffs by way of counterclaim in the sum of twenty-five hundred dollars ($2,500)."

The new matter in the answer was put at issue by a reply. Defendant is a corporation. Plaintiffs are partners doing business in the city of New York as importers and commission merchants. The evidence shows the goods itemized in the account were ordered by defendant's purchasing agents at prices agreed upon at the time the orders were given; also that all the goods were shipped to and received by defendant at St. Louis and were retained by it and partially paid for. Plaintiffs' evidence tends to show that the prices charged for the goods were the regular market prices and were reasonable. There is no evidence tending to show that any of the orders for the goods were ever countermanded by defendant, nor is there any evidence tending to show the quality of the goods was expressly warranted. Plaintiffs' evidence tends to show the razors were sold by sample and that those furnished were in every respect equal to the sample. Defendant's

evidence tends to show that the razors were not as good as the "Kastor" razor and were not worth more than $2.50 per set of sixteen, but there is no evidence tending to show that plaintiffs warranted the razors to be as good as the "Kastor," nor is there any substantial evidence that the razors were not merchantable. At the close of all the evidence the court peremptorily instructed the jury to find for plaintiffs. A timely motion filed by defendant for new trial was overruled by the court, whereupon defendant appealed.

The defense relied on at the trial was that the razors itemized in the account were sold upon a warranty as to the quality and plaintiffs had breached the warranty. If the razors were sold on a warranty, defendant might have retained the goods as it did, and in a suit for the purchase price recoup in damages the difference in the value of the goods as warranted and their actual value as furnished, but as we have stated, there is no substantial evidence that the razors were sold on a warranty. Plaintiffs' evidence is positive, direct and uncontradicted by defendant, that the razors were sold by sample and that those furnished were equal in quality to the sample. Now, while there was a mere scintilla of evidence that it was agreed the razors should be as good as the "Kastor" razor, there is no substantial evidence to that effect, no evidence sufficient to warrant a jury to find that they were represented or warranted to be equal in quality to the "Kastor." In these circumstances, the law is well settled that it is the duty of the trial court to peremptorily instruct the jury to find for the plaintiff. [Yallaly v. Yallaly, 39 Mo. 491; Callahan v. Warne, 40 Mo. l. c. 137; Finch v. Ullman, 105 Mo. l. c. 254.] Manifestly the judgment is for the right party and should be affirmed. [R. S. 1899, sec. 865.] The judgment is affirmed.