H. S. McPHERSON and J. M. ADAMS, Appellants, v. R. C. KISSEE and W. N. ADAMS.

Division Two, February 6, 1912.

1. **SPECIFIC PERFORMANCE: Incumbrance: Failure to Inform Purchaser.** The owner of land who enters into a written contract to sell and convey it by warranty deed at a stipulated price is required to fully inform the contracting purchaser of the amount and nature of the existing incumbrances thereon; and if he fails to perform that duty, he is not entitled to specific performance.

2. ————: **Interest Mortgage not Mentioned.** The contract for the exchange of properties recited that defendant's land was "subject to two deeds of trust to secure payment of $5000." There were at the time one mortgage for $4000, another for $1000, and a third for $803 in favor of the same mortgagee to whom the first was made. Defendant claims that the third mortgage was given for unpaid interest on the $4000 and did not create a separate indebtedness; and it appears that the first mortgage of $4000 could not be paid off and discharged without a payment of the third mortgage of $803 in full. *Held,* that the contract means that the land was incumbered with only two mortgages, and that they could be paid off with $5000;

and whether the third mortgage for $803 be classed as a part of the interest on the first mortgage or as an independent debt, its existence constitutes a substantial incumbrance, knowledge of which was not revealed by the contract to plaintiffs, and therefore defendant cannot have specific performance of the contract.

3. ————: ————: **Knowledge: Verbal Testimony.** Antecedent verbal statements are merged into the written contract. So that where plaintiffs and defendants entered into a written contract for the exchange of lands, which recited that defendant's land "was subject to two deeds of trust to secure payment of $5000," whereas there were three, defendant contending that the third for $803 was given for unpaid interest on the first, testimony of defendant that he verbally notified plaintiffs that they could not pay off the first for $4000 without paying two per cent interest for the entire time the money had been borrowed, and testimony of plaintiffs to the effect that defendant was guilty of fraud in representing that he had an understanding with the mortgagee of the second mortgage for $1000 to extend the time for paying its mortgage and that said mortgagee would loan additional money on his equity in the farm, were not admissible, and will be disregarded, since the parties relied upon the written contract, which cannot be varied by verbal statements.

3. ————: **Undisclosed Incumbrances: Possession: Estoppel.** Where the vendee, without knowing of an existing mortgage which was not described in the contract of purchase, took possession of the farm and listed it for sale, but upon learning of its existence immediately abandoned his possession and withdrew it from the market, he did not thereby perform any act which estopped him from repudiating the contract.

4. ————: ————: **Ejectment.** Where the vendee of land under a written contract of purchase is in possession and is not entitled to have that contract specifically performed and claims no right to occupy the land, except through that contract, the vendor, in his suit in ejectment, is entitled to judgment for possession of the property, and the only further issue to be tried is the amount of rents and profits.

Appeal from Taney Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED (*with directions*).

*McPherson & Hilpirt, John S. McPherson* and *C. B. Sharp* for appellants.

The court erred in finding the issues for the defendant Kissee under the pleadings the law and the evidence. Taylor v. Williams, 45 Mo. 80; Foster v. Kimmons, 54 Mo. 488; Martin v. Halley, 61 Mo. 196; Shelton v. Church's Admr., 10 Mo. 774; Tedford v. Trimble, 87 Mo. 226; Smith v. Wilson, 160 Mo. 657; Black v. Crowther, 74 Mo. App. 480; Metz v. Wright, 116 Mo. App. 631; Luckett v. Williamson, 31 Mo. 54; Rozier v. Graham, 146 Mo. 352; Mitchner v. Holmes, 117 Mo. 185; Wilson v. Wilson, 115 Mo. App. 641; Secret Service Co. v. Gill Alexander Mfg. Co., 125 Mo. 140; Gloeckner v. Kittlaus, 192 Mo. 477; Strange v. Crowley, 91 Mo. 287; Taylor v. Schraeder, 107 Mo. 206; Berry v. Hartzell, 91 Mo. 132.

*G. Purd Hays* and *G. A. Watson* for respondent.

The court did not err in decreeing specific performance of the contract. Secret Service Co. v. Mfg. Co., 125 Mo. 156; Evans v. Evans, 196 Mo. 23; Kilpatrick v. Wiley, 197 Mo. 169; Kilpatrick v. Pease, 202 Mo. 494.

BROWN, J.—Ejectment for 41.60 acres of land in Taney county. Judgment was given for defendant Kissee in the circuit court of Taney county on October 26, 1911, specifically enforcing a contract to exchange the land in controversy for a farm owned by said defendant. From this judgment plaintiffs appeal.

Plaintiffs were the owners of thirty-five head of hogs, a log wagon and the 41.60 acres in controversy, upon which land was located a flouring mill, all of which property they agreed to exchange for the equity of defendant Kissee in a farm of 240 acres in Dade county, Missouri.

After execution of the contract for exchange of property, plaintiffs allowed defendant Kissee to take

actual possession of the personal property and flour-
ing mill before the abstract of title to defendant's
property was submitted to them.   Upon examining the
abstract of title, plaintiffs declined to complete the
exchange of property, and demanded that they be re-
stored to possession of the flouring mill, on the alleged
ground that defendant's farm was incumbered for a
larger amount than was represented by him in the con-
tract.   Defendant Kissee declined to surrender posses-
sion of the mill, whereupon this action ensued.

The correctness of the judgment below rests upon
a proper construction of the following written contract
between plaintiffs and said defendant Kissee:

CONTRACT AND AGREEMENT FOR THE SALE OF LANDS.

We, the undersigned, R. C. Kissee, for himself, his heirs
and assigns of Christian Co., Mo., and H. S. McPherson, of
Taney Co., Mo., representing the Bradleyville Milling Co., this
day make and enter into the following contract, to-wit:   The
first named party, R. C. Kissee, for himself, his heirs and
assigns agrees and binds himself, his heirs and assigns for,
and in consideration of forty acres of land, in Taney Co., Mo.,
now owned by the Bradleyville Milling Co., and 75-100 of an
acre, in Taney Co., Mo., owned by H. S. McPherson and J. M.
Adams, and 85-100 of an acre in Taney Co., Mo., part of N W
of the N W of 11-24-18, on which is situated the Bradleyville,
Mo., Mill, and about thirty-five head of hogs, one log wagon,
all machinery, stocks and fixtures belonging to the Bradleyville,
Mo. Mill, to sell, transfer and set over to the said H. S. Mc-
Pherson or any person or persons he may designate, one farm
of 240 acres located in Dade county, Mo. being farm purchased
by him (Kissee) from J. W. Baker.   It is agreed and under-
stood by and between us, the undersigned R. C. Kissee, and
H. S. McPherson, that each of us furnish good abstract of title
to premises described and that we furnish each other a general
warranty deed, duly executed and acknowledged to premises
described and owned and controlled by each of us; the lands
and property agreed to be sold by H. S. McPherson and the
Bradleyville Milling Company to be free and clear of any in-
cumbrances whatever; the lands agreed to be sold by R. C.
Kissee, to be sold subject to two deeds of trust to secure pay-
ment of $5,000.00.   It is further agreed and understood by us,
R. C. Kissee and H. S. McPherson, that the deeds to property
are to be made and delivered to J. S. McPherson's office, Sparta,

Mo., on or before July 1st, 1906. It is further agreed by and between us, R. C. Kissee and H. S. McPherson, that the damages for the non-compliance with this agreement shall be the sum of $500.00 to be paid from our estates in the event of our death, the same be due and payable on 2d day of July, 1906. In witness whereof we have this day set at our hands. This the 16th day of June, 1906. This contract to be left in the possession of J. S. McPherson.

R. C. KISSEE,<br>H. S. McPHERSON,<br>Representing the Bradleyville Milling Company.

The defendant W. N. Adams is simply holding the property under a contract with his codefendant Kissee, and announces his willingness to surrender possession thereof to whoever may prevail in this action. The trial court adjudged him to have no interest in the subject-matter of this controversy.

The defendant Kissee admits that when the foregoing contract was ,signed, there were outstanding mortgages against his farm in Dade county, as follows: A first mortgage of $4000 to a Kansas City firm, a second mortgage of $1000 to the Golden City Bank, and a third mortgage for $803 in favor of the same parties to whom the first mortgage was given. However, he avers that the $803 mortgage was given for part of the interest on the $4000 loan and really did not create a separate indebtedness, and hence the contract truthfully represented the incumbrances on the property at $5000. While these mortgages were not introduced in evidence, it appears reasonably clear by the record that the $4000 mortgage could not have been paid off and discharged without paying the third mortgage of $803 in full.

## OPINION.

The issue is, Did the defendant Kissee correctly describe the incumbrances on his farm, in the foregoing contract? In other words, Did the existence of the third mortgage for $803 constitute a material variance

of the contract? The statement in the contract that Kissee's land was incumbered by two deeds of trust to secure the payment of $5000 means, (1) that the land was only incumbered by two mortgages; and, (2) that said mortgages could be paid off with $5000. Said recital does not convey the idea that there was in addition to the face of those mortgages $803 interest which must be paid before the principal debt could be extinguished; so that whether we class the $803 mortgage as a part of the interest on the first mortgage or as an independent debt, its existence must be held to constitute a substantial incumbrance of which the plaintiffs had no knowledge when they entered into the contract upon which defendant Kissee relies. Defendant Kissee claims that he verbally notified plaintiffs that they could not pay off the $4000 mortgage without paying two per cent interest for the entire time the money had been borrowed. This statement plaintiffs deny. All such evidence was improperly admitted, as tending to vary and change the terms of a written contract which purported to fully describe all the incumbrances on the property.

Plaintiffs contend that defendant Kissee was guilty of fraud in securing the execution of the contract by representing that he had an understanding with the Golden City Bank to extend the time for paying its mortgage and that said bank would loan additional money on his equity in the farm.

As the parties had examined the property they were trading for and were relying on a written contract, we will disregard all their verbal statements and representations. Such oral statements were merged into the written agreement. [Hagar v. Hagar, 71 Mo. 610; Tuggles v. Callison, 143 Mo. l. c. 536.]

Under the laws of this State any person contracting to sell real estate by warranty deed impliedly agrees to deliver a marketable title to the purchaser;

and in this case, defendant Kissee, having contracted to sell his farm subject to incumbrances in the aggregate sum of $5000, at least impliedly guaranteed that it was not incumbered in any different or greater amount than named in the contract. [Luckett v. Williamson, 31 Mo. 54; Herryford v. Turner, 67 Mo. 296; Rozier v. Graham, 146 Mo. 352.]

In Herryford v. Turner, supra, this court in discussing the rights of one who had contracted to purchase real estate, said: ''If an incumbrance exists which it was not agreed should enter into and form part of the consideration of the sale, the vendor must discharge it before he can call for a completion of the sale.''

The case of Wilson v. Wilson, 115 Mo. App. 641, grew out of the construction of a contract to exchange a stock of goods for a tract of real estate, the latter being represented in the contract as subject to an incumbrance of $4000. The real estate was really incumbered by two mortgages aggregating the principal sum of $4000 and also an interest note for $366.67; and it was held by the Court of Appeals that the refusal of the party who traded the land for the stock of goods to pay the interest note of $366.67 constituted a breach of his contract.

Section 4569, Revised Statutes 1909, requires every person selling real estate which he has previously conveyed by *mortgage* to describe such outstanding mortgage in his conveyance of the property.

It was the duty of defendant Kissee to inform plaintiffs fully of the amount and nature of the incumbrances upon the property he undertook to trade to them; and as he failed to perform that duty, he is not entitled to a decree of specific performance.

The record indicates that before learning of the condition of the title to defendant's farm, plaintiffs took possession thereof and listed it for sale, but upon

learning of the existence of the third mortgage, imme-
diately abandoned their possession of said farm and
withdrew it from market. They did not therefore per-
form any act which would estop them from repudiat-
ing the contract.

Plaintiffs also rely upon other defenses to defeat
defendant Kissee's plea for specific performance; but
having found that the existence of a mortgage not
named in the contract bars a recovery by said defend-
ant on his prayer for specific performance, it is not
necessary to consider such other defenses.

As the defendants do not claim any right to occupy
the land in controversy except through the contract
hereinbefore recited, the judgment will be reversed
and the trial court directed to enter a judgment for
plaintiffs.

The evidence is conflicting as to the rental value of
the property which defendants wrongfully withheld
from plaintiffs. One of plaintiffs places it at $100 per
month, while one of the defendants testifies that the
mill could not be run at a profit; that he lost money
trying to run it.

We will reverse the judgment decreeing specific
performance and direct the circuit court to enter judg-
ment for plaintiff for possession of the property in
controversy. The circuit court will retry the issue of
damages and rents for unlawfully withholding the
property from plaintiffs, and give judgment in their
favor on that issue for such amount as the evidence
may show is due them. It is so ordered. *Kennish, P.
J.,* and *Ferriss, J.,* concur.