WILLARD P. BROSS, Respondent, v. EVERITT L. STANCLIFF, Appellant.

In the Kansas City Court of Appeals, May 22, 1922.

1. **EVIDENCE: Parol Evidence: Bills and Notes: Contracts: Parol Evidence Held Inadmissible to Directly Contradict or Vary Terms of Promissory Note.** Where a promissory note is a specific, unconditional written promise to pay a definite sum of money at a certain term, with an agreement therein that shares of stock attached thereto were held as collateral security, and during the life of the loan the payee of the note was entitled to receive all dividends on the stock, and nothing was said about the note being paid except from dividends or profits, nor about the note being cancelled if the profits did not pay the note, parol evidence, tending to directly contradict or vary the terms of the note in regard to the very matter about which the parties specifically and definitely expressed themselves and agreed upon in writing, was inadmissible.

2. **BILLS AND NOTES: Under the Evidence in Suit upon Promissory Note, Directed Verdict Held Proper.** In a suit upon a promissory note, where the execution thereof was admitted, a consideration therefor conceded, and no competent evidence of any defensive matter offered, the court properly directed the jury to find for plaintiff.

Appeal from the Circuit Court of Jackson County.—
*Hon. Harris Robinson,* Judge.

AFFIRMED.

*Jacob G. Wine* for respondent.

*Blackmar & Bundschu* and *Howard Keyes* for appellant.

TRIMBLE, P. J.—Plaintiff, assignee for the purpose of collection only, brought this suit on a promissory note dated June 19, 1914, due on or before January 1, 1915, for $1050, bearing six per cent interest, payable to

H. T. Folsom and signed by the defendant. The note contained a clause stating that to secure the payment thereof the maker had attached as collateral security fifteen shares of the capital stock of the Standard Motor and Manufacturing Company, and that all dividends pending life of this loan should be paid to the holder of the note.

The answer set up the defense, First, that the note was given without consideration, and Second, that the note was given by the defendant in connection with a collateral agreement that said note was to be paid out of the profits from the Standard Motor and Manufacturing Company, and in no other way, and in the event there were no profits accruing from said corporation, then the note was to be cancelled and returned to defendant. The reply denied this.

In the course of the trial, it developed that Folsom the payee in the note furnished the money to provide the capital stock of the corporation and that, all in all, he put about $6000 or $7000 into the enterprise, that the stock was divided into four equal parts, and defendant admits that there was issued to him one-fourth of the stock and that the note in suit was given in payment for the stock, and then, to secure the payment of the note, he endorsed the stock over to Folsom to hold until payment was made. At that time it was thought and hoped the stock would be worth something, and it would have been had the company from which they purchased automobiles not failed to supply them. As it was, the Standard Motor and Manufacturing Company was unable to get automobiles to sell as fast as needed and its business went on the rocks. The corporation was dissolved, and the stock, of course, became worthless, Folsom putting up the money to make it go while the corporation lived.

It is therefore clear from defendant's own testimony that there was a consideration for the note. And as to the agreement that the note was to be paid only out of profits of the company, and if there were none then the

note was to be cancelled, defendant admitted that no such agreement was in writing but sought to prove it by parol testimony. Upon objection to this on the ground that it was an attempt to vary the terms of a written agreement by parol testimony, the court refused to permit defendant to prove it that way.

No fraud or mistake in the execution of said note was pleaded or even intimated in any way by any witness. The execution of the note being admitted, no want of consideration having been shown, but on the contrary a consideration being conclusively shown, and no written evidence of any variation of the terms of the note having been offered, the trial court directed the jury to find for plaintiff for the amount of the note with interest at six per cent from June 19, 1914, the date of said note. The jury, in accordance with the instruction returned its verdict after figuring the interest thereon. Judgment was rendered on the verdict and defendant has appealed.

There is nothing to show that the contract on its face is incomplete or does not express the full contract between the parties. On the contrary, it is full and complete, and appears to cover every feature of the agreement between them. It is a specific, unconditional, written promise to pay a definite sum of money at a certain term with an agreement therein that the shares of stock attached thereto was held as collateral security and during the life of the loan the payee of the note is entitled to receive all dividends on the stock. Nothing is left out and nothing whatever is said about the note being paid except from dividends or profits, nor is anything said about the note being cancelled if the profits did not pay them. Consequently, the parol evidence offered by defendant did not merely tend to explain or make the written instrument complete, but it sought to directly contradict or vary the terms of the contract in regard to the very matter about which the parties specifically and definitely expressed themselves and agreed upon in the written instrument. It was therefore inadmissible. [10

R. C. L. 1022; Downing v. Shocklett, 49 Mo. 86, 88-89; Helmrichs v. Gehrke, 56 Mo. 79; Third National Bank v. St. Charles, etc., Bank, 244 Mo. 554, 576; Jenkins Sons' Music Company v. Johnson, 175 Mo. App. 355; Calloway v. McNight, 180 Mo. App. 621.] The court did not err in excluding the evidence; and as the execution of the note was admitted, a consideration therefor conceded, and no competent evidence of any defensive matter offered, the court properly directed the jury to find for plaintiff. [Strauss v. American Chewing Gum Company, 134 Mo. App. 110; Chilton v. Halstead, 149 Mo. App. 144.]

Judgment affirmed. All concur.