**RUBINIC v. SABADOS et ux.**

Nos. 28781, 28787.

St. Louis Court of Appeals.

Missouri.

Feb. 16, 1954.

Rehearing Denied March 12, 1954.

Not to be reported in State Reports.

Edwin A. Smith, St. Louis, for appellant Lorene Mitchell Rubinic.

Michael J. Doherty, George W. Curran, St. Louis, for respondent Ella Sabados.

WOLFE, Commissioner.

This is an action in four counts, each count being on one of four promissory notes signed by the defendants, who are husband and wife. The court directed a verdict in favor of the plaintiff and against John W. Sabados for the total amount sued for. The court also directed a verdict in favor of defendant Ella Sabados, holding that she signed the notes without consideration. The plaintiff and defendant John W. Sabados have appealed from the judgment so entered.

The petition alleges in the first count that a promissory note dated August 11, 1944, for the principal sum of $400, with interest at six per cent from its date, was signed by the defendants and was unpaid except for $100 interest.

The second count prayed for recovery on a note of like tenor for the principal sum of $500, dated August 8, 1945, and the third count covers another $500 note, dated August 6, 1946. The fourth and last count of the petition is upon a note for $1,000, with six per cent interest from its date, which is September 6, 1945. All of the notes provide for the payment of attorney's fees of

ten per cent of the amount due if placed in the hands of an attorney for collection.

The answer of John W. Sabados admitted that he signed the notes, but asserted that he offered to pay them and the plaintiff refused to accept payment.

Mrs. Sabados in her answer admitted that she signed the notes, but stated that it was subsequent to their execution by her husband and that she herself received no consideration for signing them.

The plaintiff testified that she gave to John W. Sabados money in the amount of the principal of each note on the dates of the instruments. At the various times that she made these loans, Sabados executed a note for the amount that he received. He made no payment on any of them except the first one, dated August 11, 1944, and on that he had paid the interest up to October 11, 1948.

Plaintiff stated that in November of 1947, she went to the home of Sabados and there told his wife, defendant Ella Sabados, that she wanted her to sign the four notes and that if she did not do so she would bring suit against her husband. According to this witness, Mrs. Sabados asked her not to do that and told her that Sabados might lose his job if she did, and Mrs. Sabados agreed to and did sign the notes. According to Mrs. Rubinic, Sabados, who was present, told his wife to sign them.

Defendant Sabados himself admitted that he signed the notes and had made no payment upon them except the $100 interest mentioned. He said that he had offered to make payments, but the plaintiff refused to accept them. He further stated that he had offered to pay the principal sum of $2,400 in full settlement, but this was refused.

Mrs. Sabados testified that Mrs. Rubinic came to her home in November of 1947, and told her that it would be necessary for her to sign the notes previously executed by her husband because they would be "no good" unless she did. This witness testified that she signed the notes simply because Mrs. Rubinic told her that she could not col-lect them unless they were so signed. She denied that there was any statement made about suing Sabados and said that the visit of Mrs. Rubinic was a friendly one.

Sabados abandoned his appeal and no briefs were filed in his behalf. His counsel states that the court did not err in directing a verdict against him. This is correct since Sabados admitted that he signed the notes, the consideration was conceded, and the notes were not paid. The situation left no issue of fact for a jury to determine. Skinner v. Johnson, Mo.App., 74 S.W.2d 71; Bross v. Stancliff, 211 Mo. App. 342, 240 S.W. 1091; Cox v. Higdon, Mo.App., 67 S.W.2d 547.

The point raised by the plaintiff is that the court erred in directing a verdict for defendant Ella Sabados, respondent contending that there was no consideration for her signatures upon the notes, and the appellant contending that her signatures were placed upon the notes to gain an extension of time for payment, and that this constituted sufficient consideration to hold Ella Sabados liable. On quite similar facts we stated in Babel v. Ransdell, Mo.App., 294 S.W. 734, loc. cit. 736:

"It is well established that one who signs a promissory note, as appellant did, after it has been executed, and after the consideration has passed between the original parties thereto, incurs no liability on the note, unless there is a new consideration. * * *

"Respecting the question of whether there was a new consideration for appellant's signature, we are mindful that it is not necessary that the consideration for a promissory note pass directly to the maker, but it suffices if it has passed to a third party. * * *

"There is no pretense that appellant received any part of the sum of money evidenced by the note in question. However, there was substantial evidence, as our stated facts show, that, when appellant was advised by plaintiff that the note was due and unpaid, and

"that plaintiff would be compelled to place the same in the hands of his attorney for collection, she signed the same for the purpose of obtaining an extension of time in which her nephew, Raines, might pay. Such an agreement to forbear, either absolutely or for a reasonable time, to institute proceedings to enforce a demand, is a sufficient consideration to support an obligation of a third party."

The above has been followed in the cases of North Side Finance Co. v. Sparr, Mo. App., 78 S.W.2d 892; First Nat. Bank of Campbell v. Bristol, Mo.App., 35 S.W.2d 999; University Bank v. Major, 229 Mo. App. 963, 83 S.W.2d 924.

 Applying the law as stated in Babel v. Ransdell to the evidence before us, if the testimony of Mrs. Rubinic was credible, there was evidence upon which it could be found that Mrs. Sabados signed the notes for the purpose of obtaining an extension of time for payment. This would have been a sufficient consideration. On the other hand, if the testimony of Mrs. Sabados is to be believed it could be found that she signed for no consideration whatever and therefore incurred no liability by signing them. County of Montgomery v. Auchley, 92 Mo. 126, 4 S.W. 425.; Williams' Adm'r v. Williams, 67 Mo. 661; McMahan v. Geiger, 73 Mo. 145; Babel v. Ransdell, supra.

We thus have an issue of fact which should have been given to the jury for determination under proper instructions, and the court erred in directing them to return a verdict in favor of Ella Sabados.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded for a new trial, with directions that the verdict against John W. Sabados be held in abeyance until a proper judgment may be entered disposing of the issues as to all parties.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded for a new trial, with directions in accordance with the recommendation of the Commissioner.

ANDERSON, P. J., and RUDDY and BENNICK, JJ., concur.